Davis *v.* Davis.

R. A. DAVIS *v.* JOSEPH H. DAVIS *et al.*

STATUTE OF LIMITATIONS. *Plea of is personal. Joint plea bad. When.* The statute of limitations of two years and six months in favor of personal representatives is personal to them, and therefore a joint plea by the administrator of a guardian and the surety of the guardian on his official bond, to a bill filed against them on a decree against the guardian and surety for the official delinquency of the former, is bad as to the surety. And such a plea filed to a cross-bill, in which it is stated that a *scire facias* to revive the decree had been sued out and served within the two years and six months, and was then depending, is bad as to both defendants.

FROM HAMBLEN.

Appeal from the Chancery Court at Morristown. H. C. SMITH, Ch.

J. P. EVANS for complainant.

McFARLAND & DICKSON for defendants.

COOPER, J., delivered the opinion of the court.

On the 4th of May, 1870, Jacob Baker and his wife, Lucy Baker, with others, recovered a decree for $7,650.38 against Joseph Hamilton, as guardian of the complainants in whose right the recovery was had, and Joseph H. Davis as the surety on the guardian bond. Of the sum thus recovered, Jacob Baker and wife, Lucy, were declared by the decree entitled to about $1,562.59. Some payments were afterwards made on this decree by Hamilton to Baker, leaving, however, over $500 of the principal, with interest,

due and unpaid. On the 18th of September, 1873, Jacob Baker assigned $300, and on the 14th of October, 1873, $100, of the unpaid balance to complainant R. A. Davis. On the 1st of July, 1879, this bill was filed by Davis against John W. Moser, administrator of Joseph Hamilton, deceased, Joseph H. Davis, Sam'l V. Moser and Jacob Baker, stating the foregoing facts, and seeking to subject to the satisfaction of so much of the unpaid decree of the 4th of May, 1870, as was assigned to complainant certain land alleged to be the property of Davis, but the title to which was held by Samuel V. Moser in fraud of Davis's creditors. The bill stated that the original decree against Hamilton and Davis was recovered in the chancery court of Jefferson county, that the original papers in the cause were afterwards by law transferred to the chancery court of Hamblen county, and destroyed by an accidental fire, that Hamilton had since died, and John W. Moser had become the administrator of his estate, and that the judgment had not been revived by *scire facias* because of the destruction of the papers.

To this bill John W. Moser and Joseph H. Davis filed a joint plea that Moser had been appointed and qualified as the administrator of Joseph Hamilton on the first Monday of December, 1875, and that more than two years and six months had elapsed since that date, whereby the action was barred. The plea, having been set for hearing on its sufficiency, was sustained by the chancellor as to both defendants. Complainant thereupon took issue on the plea.

Jacob Baker answered the bill, admitting the re-covery of the original decree against Hamilton and Davis as alleged, and that he had assigned to com-plainant Davis so much thereof as was claimed by him.   The answer further stated that there was still due on the recovery more than had been assigned; that his wife had died, and he had become adminis-trator of her estate and was entitled to this balance. He assents to the relief sought by the bill, and files his answer as a cross-bill to obtain the same relief to the extent of the unpaid balance of the decree still held by him.   In this cross-bill, Baker states that the original decree had not been revived against John W. Moser as administrator of Hamilton, but "that a *scire facias* had been awarded and issued" for the pur-pose of reviving the decree, and had been served on Moser, as administrator, within the time allowed by law, and was not yet disposed of.   The administrator and Joseph H. Davis demurred to the cross-bill, upon the ground that the relief sought was upon a different cause of action from that set out in the original bill. The demurrer was overruled.   The same defendants then filed to the cross-bill a similar plea to the plea to the original bill, which was held sufficient by the chancellor.   The complainant in the cross-bill declin-ing to plead further, the whole cause was heard, and the chancellor dismissed both bills.   The complainant appealed.

It is conceded that the plea to the original bill is good so far as the administrator is concerned, a point not altogether free from doubt in view of the fact

that the decree sued on might have been proceeded
on by *scire facias* by Baker, a fact not negatived by
the plea.    The bill states that there had been no.
revivor by reason of the loss of the papers, but does
not aver that Baker had not sued out a *scire facias*
to revive.    It is not necessary to decide the point,
as will appear presently.    The plea, however, was
clearly bad as to the defendant Joseph H. Davis.
No revivor was required to the enforcement of the
decree against him.    All joint obligations, even those
created by official bond, judgment or decree, are made
joint and several by statute.    Code, secs. 2787, 2789.
And although any defense of a guardian which goes
to the extinguishment of the debt may enure to the
benefit of the surety, it has long been settled that
the statute of limitations of two years and six months
in favor of personal representatives does not extinguish
the obligation, but only bars the remedy.    *Marshall*
v. *Hudson*, 9 Yer., 57.    And all our decisions hold
that the defense, by the very terms of the statute, is
limited to the personal representative.    No third per-
son, not even a surety, can rely upon it.    *Nashville
Bank* v. *Campbell*, 7 Yer., 353, 363;  *Armstrong* v.
*Dunlap*, 3 Lea, 191.

The chancellor was right in overruling the demur-
rer to the cross-bill, for the cause of action in the
original and cross-bill are the same, namely, the de-
cree in favor of Baker and wife against Hamilton and
Davis.    That decree could only be revived in the
name of Baker, individually and as administrator of
his wife, the interest of the original complainant being

an equity in part of the decree by the assignments. The plea to the cross-bill was clearly bad, for it failed to meet the express allegation of the bill that a *scire facias* had been awarded on the decree, sued out and served within the two years and six months. The final decree cannot be sustained, the plea to the original bill being bad as to one defendant, and the plea to the cross-bill being bad as to both defendants. It would be useless, moreover, to allow the original bill to go off as to the administrator upon the plea, if Baker should be held entitled to revive the decree sued on.

The final decree, and the decrees sustaining the plea to the cross-bill and the plea of the defendant Davis to the original bill, will be reversed, and the cause remanded for further proceedings, with leave to the complainant Davis to amend his bill, if he chooses so to do, in the matter of the *scire facias* to revive the decree sued on. The defendants, John W. Moser and Joseph H. Davis, will pay the costs of this court.